## McMurray v CP V. TS Fulton Owner, LLC

2024 NY Slip Op 33453(U)

October 1, 2024

Supreme Court, New York County

Docket Number: Index No. 158399/2018

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH** PART 14

*Justice*

-------------------------------------------------------------------------------X

KEVIN MCMURRAY, LYNN MCMURRAY,

Plaintiff,

- v -

CP V. TS FULTON OWNER, LLC,CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC,

Defendant.

-------------------------------------------------------------------------------X

CP V. TS FULTON OWNER, LLC, CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC

Plaintiff,

-against-

HARMON FACADES ULC F/K/A SOTAWALL LIMITED, SOTA GLAZING, INC.

Defendant.

-------------------------------------------------------------------------------X

CP V. TS FULTON OWNER, LLC, CARMEL PARTNERS, L.P., GILBANE BUILDING COMPANY, GILBANE RESIDENTIAL CONSTRUCTION, LLC

Plaintiff,

-against-

EMPIRE TRANSPORTATION LTD.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158399/2018 |
| MOTION DATE | 09/30/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595962/2022

Second Third-Party
Index No. 595829/2024

The following e-filed documents, listed by NYSCEF document number (Motion 003) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 116, 117, 118, 119, 122, 123, 124

were read on this motion to/for                    SEVER ACTION                    .

158399/2018 MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC Page 1 of 6
Motion No. 003

1 of 6

[* 1]

Plaintiff's[1] motion to sever the second third-party action is granted.

**Background**

This Labor Law action concerns injuries suffered by plaintiff when he was hoisting a 350-pound piece of glass and the suction cup used to maneuver the glass failed. The most recent third-party action commenced by defendants, the second-third party action, was filed nearly six *years* after this action was commenced. He argues that the second third-party defendant, Empire Transportation, LTD. ("Empire"), did not supply the allegedly faulty suction cup.

Plaintiff argues that this most recent third-party action violates the preliminary conference order and will cause plaintiff substantial prejudice by needlessly delaying this case. He contends that discovery is nearly complete and the recent addition of a new party will ensure that this case does not move forward to trial.

In opposition, defendants argue that Empire agreed to deliver a fully fabricated and pre-glazed wall system to the job site and that Empire agreed to indemnify for any losses arising out of the goods it supplied. They argue that plaintiff still has to respond to outstanding discovery demands as well as appear for an IME, which is scheduled for November 14, 2024. Defendants argue that there is significant discovery remaining, including a party deposition. Defendants argue that they only recently learned of Empire's involvement in this case and severance would be improper.

In reply, plaintiff takes issue with defendants' characterization that there is a remaining party deposition. He observes that counsel for defendants emailed plaintiff's attorney on March 8, 2024 (right before the scheduled deposition of the remaining party defendants) and requested that defendants submit an affidavit of ownership with respect to the two entities that purportedly

---

[1] As the complaint largely involves the injuries suffered by plaintiff Kevin McMurray, the Court will refer to a singular plaintiff throughout the decision.

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  003**

**Page 2 of 6**

own the property (CP V. TS Fulton Owner, LLC and Carmel Partners, L.P.) in lieu of holding the deposition. The deposition of the other defendants (the general contractor defendants) was completed in January 2024. Plaintiff's counsel, as well as counsel for third-party defendant, agreed to this proposal. However, plaintiff emphasizes that defendants have never submitted such an affidavit and, instead, now use the fact that all defendants have not been deposed as part of their opposition here.

Plaintiff points out that the parties proceeded to do the deposition for the third-party defendant in May 2024 and that this case is nearly finished with discovery. He argues that the unreasonable delay in commencing the second third-party action should compel the Court to grant the instant motion.

**Discussion**

CPLR 1010 provides that "The court may dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other order as may be just. In exercising its discretion, the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party."

The Court's analysis begins with the preliminary conference order entered into in April *2019* before a prior judge assigned to this matter (NYSCEF Doc. No. 18). This document states that all impleader actions must be completed within 60 days of party EBTs (*id*. at 2). In this Court's view, the agreement between counsel for all of the then-appearing parties, to do an affidavit in lieu of a deposition of the owner defendants is the relevant date for the start of the aforementioned 60-day period. That occurred on March 8, 2024 (NYSCEF Doc. No. 123) and so the second third-party action is not timely as it was commenced in August 2024. Therefore,

158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC
Motion No.  003

Page 3 of 6

[* 3]

the Court grants the motion to sever *(Freeland v New York Communications Ctr. Assoc.*, 193 AD2d 511, 511, 598 NYS2d 454 [1st Dept 1993] [severing a third party action where the impleader action was commenced after the deadline set in a conference order]). The fact is that the parties freely entered into this preliminary conference order and then voluntarily agreed to do an affidavit in lieu of taking the remaining party deposition. That started the 60-day period.

Also compelling the Court to grant plaintiff's motion is the fact that the defendants did not cite a reasonable justification for the belated commencement of the second third party action. Defendants offer a vague assertion that they "only recently learned of Third-Party Defendant EMPIRE's involvement in the underlying matter" (NYSCEF Doc. No. 112, at 6). That is not sufficient to justify a nearly six-year delay in bringing in Empire.  No details were provided about when or why, exactly, defendants concluded that they should commence a separate action against Empire. Without such information, the Court is unable to overlook the fact that there is very little discovery left in a case that is over six-years old.  Plaintiff should not suffer the prejudice of waiting around for, potentially, another couple of years while Empire's involvement is explored where defendants did not explain why they waited so long to implead this new party.

**Summary**

To be sure, there are a few outstanding items remaining in discovery and a note of issue has yet to be filed. But all depositions are completed (except for the most recently added party) and it would be wholly unfair to plaintiff to make him wait even longer. The fact is that plaintiff seems unconcerned with Empire's possible liability and so the Court finds that the proper outcome is for this case to proceed without the second third-party action.

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**
**Motion No.  003**

**Page 4 of 6**

4 of 6

The Court observes that counsel for defendants' contention in opposition that there was a remaining party deposition strains credulity. Whether intentional or not, this case is a roadmap for how to delay a straightforward Labor Law action. Defendants agreed in March 2024 to provide an affidavit in lieu of a deposition of the owner defendants and then agreed to respond to plaintiff's request for this affidavit by June 28, 2024 pursuant to a Court-ordered stipulation (NYSCEF Doc. No. 85, ¶ 2). Then they agreed to provide this response by August 16, 2024 pursuant to another Court-ordered stipulation (NYSCEF Doc. No. 89 ¶ 2). Defendants have ignored their initial promise and two subsequent Court orders. That has caused this case to drag along for no good reason. Defendants had ample opportunity over the last six months to send this affidavit or provide a sufficient reason for why they were changing their minds. But the instant procedural posture—where nothing has happened—suggests that delay is the goal.

Therefore, the Court directs defendants, by October 16, 2024, to send the affidavit about ownership that they already promised to send and was twice ordered to send or produce a witness for a deposition on or before this same date. The Court will entertain an appropriate motion from plaintiff if defendants fail to comply as this would be the third Court order on this issue.

Discovery in civil litigation only works where all parties operate in good faith. Parties are absolutely free to litigate discovery disputes and request Court intervention. But that is not what happened here. Here, defendants repeatedly agreed to do an affidavit in lieu of having their clients come in for a deposition. Instead of complying with that promise and two orders, defendants ignored their obligation only to use that failure as a basis to claim that there was substantial discovery outstanding in the form of that deposition. That type of sharp practice only serves to delay a case, which is what happened here.

158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC
Motion No.  003

Page 5 of 6

5 of 6

The Court recognizes that plaintiff reserved its right to do the deposition of the owner defendants in the aforementioned discovery stipulations. But what was plaintiff supposed to do? Rely on a representation from counsel for defendants and then risk being deemed to have waived his right to establish the ownership of the construction site (a necessary part of any Labor Law case)? Besides, defendants should jump at the chance to avoid the time and expense of a deposition and instead be able to resolve the ownership issue by a simple affidavit.

Accordingly, it is hereby

ORDERED that plaintiff's motion to sever the second third-party action is granted; and it is further

ORDERED, that the second third-party action is severed and defendants shall purchase an index number for this severed action, which shall proceed under the index number assigned therein under the same caption and that all papers in the second third-party action shall be filed under such index number; and it is further

ORDERED that defendants shall provide the aforementioned affidavit about ownership by October 16, 2024 or produce a witness for a deposition by this same date.

| 10/1/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158399/2018   MCMURRAY, KEVIN vs. CP V. TS FULTON OWNER, LLC**       **Page 6 of 6**
**Motion No.  003**

6 of 6

[* 6]